Donohue, J.
Pursuant to Mass.R.Civ.P. 34 and 37(a), the plaintiffs, Elizabeth Fitzgerald (“Fitzgerald”), Michelle Booth (“Booth”), and Patricia O’Leary Engdahl (“Engdahl”), move this Court to enter an order compelling the defendant, Worcester Housing Authority (“WHA”), to produce documents in response to certain requests of plaintiffs for production of documents. The documents sought are disciplinary records, evaluations, claims or complaints relating to the job performances of Paul Shapter (“Shapter”), WHA’s former Chief Financial Officer; Ruth Carlson (“Carlson”), WHA’s Executive Director; and Constance A. Morrison (“Morrison”), the WHA Commissioner.
After consideration of the briefs of counsel, it is hereby ORDERED that the plaintiffs’ motion to compel defendant Worcester Housing Authority to produce documents in response to certain requests for production is DENIED.
DISCUSSION
Plaintiffs filed this action in November 2000 against the WHA and its Commissioners, Melvin Budish (“Budish”) and Morrison alleging sexual harassment and discrimination based on their gender during their employment with the WHA and that they were retaliated against by the WHA for complaining of said discrimination and harassment. Plaintiffs seek disciplinary records, evaluations, claims or complaints relating to the job performances of Shapter, Carlson, and Morrison. Plaintiffs allege that the documents contain evidence relevant and material to the issues in the instant action. Plaintiffs allege that these documents are necessary to show that the legitimate non-discriminatory reasons that the defendants advance for the adverse employment actions they took against the plaintiffs are only a pretext for discrimination.
Plaintiffs alie e that certain personnel records of Shapter are necessary to show that he had a lackadaisical attitude toward his work at the WHA and that Booth, then WHA’s Executive Director, was fired in part because she took measures to discipline Shapter. Plaintiffs allege that their actions prompted Morrison, Shapter’s wife, to eliminate Booth and Engdahl from the WHA.
Plaintiffs allege that discovery of parts of Carlson’s personnel file is necessary to prove that she was less competent than the plaintiffs and/or had performance issues, thereby casting doubt as to the defendants’ assertion that they fired Booth and demoted Fitzgerald and Engdahl on account of performance issues.
Plaintiffs also allege that any disciplinary records, evaluations, claims or complaints relating to Morrison’s work performance, either as WHA Commissioner or in her prior position with WHA as general counsel, will be relevant to her credibility in taking certain actions against the plaintiffs on account of alleged performance issues. Plaintiffs believe that this will show that the plaintiffs’ competence was not the real reason for the adverse employment actions WHA took against them.
Pursuant to Mass.R.Civ.P. 26(b)(1), “(p)arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party....” Rule 26(b)(1) further provides that ”[i]t is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.” The records sought herein are personnel records of certain current or former employees of the WHA, and the Court has recognized that individuals have a heightened privacy interest in such records. See Bratt v. Int'l Business Machines Corp., 392 Mass. 508, 518 (1984); G.L.c. 214, §1B. “(B]ecause there is a high expectation of privacy in a personnel file, the release of information from a personnel file is also a substantial interference with the right to privacy. The next question is whether these [disclosures are] unreasonable under the circumstances.” Skelley v. Trustees of the Fessenden School, 1994 WL 928172, 7 Mass. L. Rptr. 414, 418 (November 10, 1997) (Brassard, J.) (1994). “In evaluating whether the information sought from employees could amount to an unreasonable interference with their right of privacy, we stated that the employer’s legitimate interest in determining the employees’ effectiveness in their jobs should be balanced against the seriousness of the intrusion on the employees’ privacy.” Bratt, 392 Mass. at 520, citing Cort v. Bristol-Myers, Co., 385 Mass. 300, 308 (1982).
The documents sought by the plaintiffs are privileged and the requests they make are overbroad. There is insufficient relevance between the personnel re *284 cords requested and the action at bar to warrant their discovery.
Even if Shapter were an incompetent employee as the Director of Administration and Finance at the WHA, justifying the plaintiffs’ disciplining him, those facts are irrelevant as to the sexual discrimination and retaliation allegedly suffered by the plaintiffs. Even if Morrison were angry with the plaintiffs about their treatment of her husband, Shapter’s personnel file is not relevant or reasonably calculated to lead to the discovery of admissible evidence on this point.
Morrison’s personnel file is also irrelevant to the instant case. Morrison was employed at the WHA in the mid-to-late 1980s and the alleged discriminatory acts occurred at or around 1997. Even if she were an incompetent employee, there is no relevance between her job performance as general counsel at the WHA and the actions which she took as a Board member in 1997.
Carlson’s personnel records are similarly irrelevant. Carlson, a 20-year employee of the WHA, was appointed by the Board as Temporary Acting Executive Director on April 8, 1997, at the Board meeting at which Booth was fired. Carlson then applied for and was appointed to the position of Executive Director of the WHA. However, Carlson was not appointed in place of Booth, as Booth had already been fired at that time, nor was she appointed over Fitzgerald or Engdahl, as they never applied for the position.
ORDER
For the foregoing reasons, it is hereby ORDERED that the Plaintiffs’ Motion to Compel Defendant Worcester Housing Authority to Produce Documents in Response to Certain Requests for Production is DENIED.